| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
| MIGDALIA DEL CARMEN ORTIZ CASTILLO<br><br>Demandante-Peticionaria<br><br>Vs.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Demandados-Recurridos | TA2026CE00607 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV02979<br><br>Sala: 908<br><br>Sobre: DISCRIMEN (LEY NÚM. 100) Y OTROS |

Panel integrado por su presidente, el Juez Rodríguez Flores, el Juez Cruz Hiraldo y el Juez Sánchez Báez[1]

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de junio de 2026.

Comparece la parte peticionaria, la señora Migdalia del Carmen Ortiz Castillo, solicita la expedición del presente recurso con el propósito de revocar la sanción económica interlocutoria impuesta por el foro de primera instancia.

Por los fundamentos expuestos en esta resolución, *denegamos* la expedición del auto solicitado.

### -I-

La parte peticionaria presentó *Demanda* en contra de su anterior patrono, el Departamento de Seguridad Pública, el 31 de marzo de 2024 al palio de la *Ley de Igualdad Salarial de Puerto Rico*, Ley Núm.16-2017, la ley federal *Equal Pay Act* de 1963, 29 USC 206(D), el Título VII de la *Ley de Derechos Civiles de 1964 de Estados Unidos*, 42 U.S.C. 1983, *et. seq.*, según enmendada, y la *Ley de Derechos Civiles de Puerto Rico*, Ley Núm. 131 de 13 de mayo de 1943, según enmendada, 1 LPRA sec. 13. En resumen,

---

[1] Mediante la OATA-2026-063 emitida el 2 de junio de 2026, se designa al Hon. Fernando L. Rodríguez Flores en sustitución de la Hon. Ivelisse M. Domínguez Irizarry.

alegó sufrir discrimen por sexo y edad mientras ocupó interinamente el puesto de Comisionada Auxiliar de Servicios Gerenciales. Esto al supuestamente no recibir el mismo sueldo en comparación con los otros Comisionados Auxiliares y sufrir otros vejámenes en el área de trabajo. En virtud de las alegaciones reclamó salario no pagado, y ciertas partidas en daños en virtud del discrimen que alegó sufrir.

Superados varios trámites, el 3 de febrero de 2026 el foro primario concedió a las partes hasta el 27 de abril de 2026 para presentar el informe de conferencia con antelación a juicio. El 17 de mayo de 2026 el tribunal reiteró la anterior orden y advirtió sobre la imposición de "sanciones económicas a la parte que cause el incumplimiento". El 1 de mayo de 2026 la parte peticionaria compareció ante el foro recurrido por vía de una *Moción Informativa*. El en escrito informó al tribunal:

4. ... [L]a suscribiente ha estado llamando por teléfono insistentemente, así como por correo electrónico para poder saber el estatus de la transacción y para cumplir con lo ordenado por este Tribunal de preparar el Informe de Conferencia.

5. Sin embargo, en nuestra primera llamada hace aproximadamente dos meses, la compañera representante de la parte demandada nos informó primero que estaba en espera de la contestación de la Policía de Puerto Rico y a la semana siguiente nos informó que ella misma había preparado el documento necesario al Comité de Transacciones de Justicia.

6. Informamos que apenas unos minutos atrás es que hemos recibido una contraoferta la cual tenemos que discutir con nuestra representada pero que adelantamos que hay situación con la misma.

En respuesta el 4 de mayo de 2025 el tribunal notificó la orden recurrida allí dispuso:

Enterado.

Sin embargo, la moción no aduce justificación alguna por la cual no se ha cumplido con las órdenes del Tribunal y presentado el Informe de Conferencia con Antelación al Juicio.

> Por consiguiente, ante el incumplimiento de ambas partes con las órdenes del tribunal dictadas el 3 de febrero de 2026 y el 17 de marzo de 2026 [SUMAC Núms. 46 y 48], se le imponen sanciones en la cantidad de $250.00 a la representación legal de ambas partes a ser satisfechas en o antes del señalamiento del 5 de mayo de 2026, so pena de sanciones económicas adicionales y la activación de la Regla 39.2(a) de Procedimiento Civil.

Ambas partes solicitaron la reconsideración a la sanción impuesta, pero las solicitudes fueron denegadas por el tribunal mediante la *Resolución* del 6 de mayo de 2026. Inconforme, el 14 de mayo de 2026 la parte peticionaria compareció ante este tribunal y solicitó la expedición del presente recurso para revocar la *Orden* del 4 de mayo de 2026. En su alegato señaló como error:

> Erró el tribunal de primera instancia y abusó de su discreción al imponer y/o amenazar con sanciones a la parte peticionaria, aun cuando ésta actuó diligentemente al informar el incumplimiento procesal de la parte recurrida, actuando de manera arbitraria, irrazonable y contraria al debido proceso de ley.

Así las cosas, el 27 de mayo de 2026 las partes del epígrafe comparecieron ante el foro de primera instancia para informar un acuerdo transaccional. En la moción también solicitaron al tribunal dejar sin efecto las sanciones impuestas el 4 de mayo de 2026. El la *Orden* del 28 de mayo de 2026 el foro recurrido tomó conocimiento de la transacción, pero declinó eliminar las sanciones. En su parte pertinente la orden lee:

> Las sanciones fueron impuestas por el incumplimiento de las partes por no presentar el Informe de Conferencia con Antelación al Juicio, a tenor con la Regla 37.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 37.4, y con las órdenes del tribunal dictadas el 3 de febrero de 2026 y el 17 de marzo de 2026 [SUMAC Núm. 46 y 48].

> Dicho incumplimiento ocasionó que el 5 de mayo de 2026 no se pudiera celebrar la Conferencia con Antelación al Juicio, conferencia que estaba calendarizada desde el 3 de febrero de 2026, causando retrasos en el calendario del tribunal y en perjuicio de la eficiente administración de la justicia.

> Adicionalmente, y según se desprende del propio texto de la orden dictada el 4 de mayo de 2026 [SUMAC Núm. 50], la advertencia de activar la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap.

V, R. 39.2(a), fue a ambas partes ya que dependiendo de la parte que cause el incumplimiento depende de si procede ordenar la desestimación del pleito o la eliminación de las alegaciones.

Finalmente, el 29 de mayo de 2026 el foro primario emitió sentencia en la cual acogió la transacción judicial, y ordenó el cierre y archivo del caso, con perjuicio al amparo de la Regla 391(a)(2) de Procedimiento Civil, 32 LPRA Ap. V.

Procedemos a disponer del presente recurso con el beneficio de la comparecencia de la parte peticionaria, el contenido del expediente electrónico y el *Derecho* aplicable.

*-II-*

*-A-*

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011). La Regla 40 del Reglamento de este Tribunal, *In re Aprob Enmdas.*, Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025), establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### -B-

En lo pertinente al presente recurso, la Regla 44.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.2, faculta al Tribunal de Primera Instancia a imponer "sanciones económicas en todo caso y en cualquier etapa a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia". La imposición de sanciones según la Regla 44.2 de Procedimiento Civil, *supra*, está sujeta a la sana discreción del tribunal. *Lluch v. España Service Sta.*, 117 DPR 729, 748 (1986).

Al interpretar la Regla 44.2 de Procedimiento Civil de 1979 (32 LPRA ant. Ap. III), el Tribunal Supremo señaló que "[e]l propósito de esta regla es proveer al tribunal un instrumento adicional para agilizar los procedimientos y de esta manera evitar la demora y congestión en los tribunales". *Lluch v. España Service Sta., supra*, págs. 748-749; Véase, *Pérez Torres v. Acad. Perpetuo Socorro*, 182 DPR 1016, 1027 (2011). Conforme a lo anterior, el tribunal, a iniciativa propia, "puede imponer sanciones cuando la conducta de las partes vaya en perjuicio de la eficiente administración de la justicia". *Lluch v. España Service Sta., supra*, pág. 749.

### -III-

De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio como el presente está revestido con una presunción de corrección fundada

en la discreción judicial del juzgador de hechos. *In re Collazo I,* 159 DPR 141, 150 (2003). Por ello, los tribunales apelativos no debemos "intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018). El tribunal puede imponer, como ocurrió en este caso, sanciones económicas interlocutorias. *Pérez Torres v. Acad. Perpetuo Socorro,* supra, pág. 1027. Nada nos sugiere que, en el ejercicio de sus facultades, el foro recurrido incurriera en error o en abuso de la discreción que le asiste, de modo que se haga meritorio que soslayemos la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Igualmente, no advertimos un criterio jurídico particular para dejar sin efecto la determinación recurrida.

En virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* resolvemos no expedir el auto solicitado.

### *-IV-*

Por los fundamentos antes expuestos, los cuales hacemos formar parte de este dictamen, *denegamos* expedir el recurso extraordinario promovido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones